

# Office of the Attorney General
## State of Texas

DAN MORALES
ATTORNEY GENERAL

September 15, 1993

Ms. Mary Webb
Chair
Texas Agricultural Finance Authority
P.O. Box 12847
Austin, Texas 78711

Opinion No. DM-255

Re: Whether the Texas Agricultural Finance Authority may use bond proceeds from the Texas Agricultural Fund to reimburse the Department of Agriculture for administrative expenses incurred on behalf of the authority   (RQ-393)

Dear Ms. Webb:

You have requested an opinion concerning the Texas Agricultural Finance Authority's ("the authority") use of the Texas Agricultural Fund ("the fund") for reimbursement of administrative costs. You advise us that the fund consists of three separate accounts: a program account; an interest and sinking fund account; and a reserve account.[1]   Currently the only business conducted by the authority is related to the provision of financial assistance through the fund.[2]   The finance division of the Department of Agriculture ("the department"), administers various programs on behalf of the authority, prepares the authority's portion of the annual report and covers the authority in its internal audits. These expenses are financed by appropriations to the department from the state's general revenue fund. You ask whether the authority is prohibited from using the fund and the investment income contained therein to reimburse the department for various administrative expenses which you state are necessary as "preparation to meet the need of providing financial assistance to the agricultural community." It is our opinion that the authority is not prohibited from making expenditures from the fund to pay for expenses incurred in administering the fund in furtherance of the specific purposes for which it was created.

---

[1]The program account consists of bond proceeds. The sinking fund account consists of repayments of financial assistance and income on the investment of money in the fund. The reserve account consists of repayments of financial assistance.

[2]You do not ask and we do not opine on whether proceeds from the fund may be used to conduct other business of the authority not directly concerned with the provision of financial assistance to the agricultural community.

The authority's enabling legislation provides that:

> The commissioner with the assistance of the board shall administer the Texas Agricultural Finance Authority. *The board shall reimburse the Department of Agriculture for expenses incurred as required by the business of the authority* with the approval of a majority of the board.

Agric. Code § 58.015(a) (emphasis added). You have suggested that the enabling legislation, specifically the above italicized language, clearly supports the proposition that the department shall be reimbursed for various administrative expenses incurred on behalf of the authority. We agree. However, the Texas Constitution places a restriction on the use of the fund by prohibiting its use for any purpose other than to provide financial assistance to agricultural businesses. Specifically, article III, section 49-i of the constitution provides in part:

> (a) The Texas agricultural fund shall be used only *to provide financial assistance to develop, increase, improve, or expand the production, processing, marketing, or export of crops or products grown or produced primarily in this state by agricultural businesses domiciled in this state.* . . .
>
> . . . .
>
> (c) *Income from the investment of money in the funds* that is not immediately committed to the payment of the principal of and interest on the bonds or the provision of financial assistance *shall be used to create new employment and business opportunities* in the state through diversification and expansion of agricultural or rural small businesses, as provided by the legislature.

Tex. Const. art. III § 49-i(a), (c) (emphasis added). The specific grant of power in article 49-i(a) carries with it by necessary implication the grant of such additional powers as may be necessary to effectuate its purpose. *See First Nat'l Bank of Port Arthur v. City of Port Arthur*, 35 S.W.2d. 258 (Tex. Civ. App.--Port Arthur 1931, no writ) (bond proceeds may be used in a manner necessarily implied to carry out purpose and intent of constitutional provision).

Furthermore, we are cognizant of the fact that the fund and more specifically, the bond proceeds may be used for reimbursement of administrative costs.

> Eligible agricultural businesses or lenders participating in the authority's programs shall pay the costs of applying for, participating in, and administering and servicing the program, in amounts the board considers reasonable and necessary. *Any costs not paid by the eligible agricultural businesses or lenders shall be paid from the*

*funds of the authority, including those funds established from bond proceeds.* (Emphasis added.)

. . . .

Proceeds of the bonds issued under Subsection (c) of this section shall be deposited in the Texas agricultural fund and applied in accordance with the resolution authorizing the bonds:

(1) *to provide* financial assistance to eligible agricultural businesses;

(2) to pay costs of issuance of those bonds and the administration of any financial assistance program established with the money in the Texas agricultural fund; and

(3) together with any other available funds, to pay the principal of or interest on or to discharge or redeem, in whole or in part, any outstanding bonds issued by the authority.

Agric. Code § 58.031(c),(d) (emphasis added). It is clear that to the extent allowed by the resolution authorizing the bonds, the bond proceeds may be used to pay for the administrative expenses of the authority in the administration of authorized purposes as enunciated in article III, section 49-i of the Texas Constitution. Hence we conclude that such proceeds may also be used to reimburse the department for like expenses on behalf of the authority.

We now turn to the repayments of financial assistance and the investment income which is also contained in the fund. Section 58.032(c) of the Agriculture Code provides in part:

Repayments of financial assistance under any program funded in whole or in part with the proceeds of any series of general obligation bonds shall be deposited first in the interest and sinking account as prescribed by the board's resolutions authorizing such series of general obligation bonds, and second in the reserve account in respect of such series resolutions authorizing such series of general obligation bonds until that account is fully funded as prescribed by the board's resolutions. . . .

In addition

To the extent the board determines that any money credited to the Texas agricultural fund from repayments of financial assistance is not required by Subsection (c) of this section . . . *that money may be used by the authority to pay* the principal of and interest on revenue bonds issued by the authority or *for any other authorized purpose of*

*the authority, in accordance with this chapter and the authority's resolutions authorizing general obligation bonds.*

*Id.* § 58.032(d) (emphasis added). Furthermore, article III, section 49-i(c) mandates that the investment income contained in the fund which is not obligated to the payment of the principal of and interest on the bonds or the provision of financial assistance shall be used to provide for specific agricultural purposes, as provided by the legislature. In section 58.023(c) of the Agriculture Code, the legislature provides that the fund, including investment income, may be used to pay administrative expenses of the financial assistance program. Hence, we conclude that repayments of financial assistance and income on investment money contained in the fund may be used to pay for the expenses of administering the fund.

## SUMMARY

The Texas Agricultural Finance Authority may use bond proceeds from the Texas Agricultural Fund to reimburse the Department of Agriculture for administrative expenses incurred on behalf of the authority.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Toya C. Cook
Assistant Attorney General